UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION


WILLIAM R. WARD

        Petitioner,

v.                                    CIVIL ACTION NO: 2:13-05312

EVELYN SEIFERT, Warden,
Northern Correctional Facility,

        Respondent.


                    MEMORANDUM OPINION AND ORDER


        Pending are a petition for habeas corpus pursuant to
28 U.S.C. § 2254, filed March 15, 2013, and the respondent's
motion for summary judgment, filed September 17, 2013.


        This action was previously referred to Dwane L.
Tinsley, United States Magistrate Judge, who, on August 14,
2014, submitted his Proposed Findings and Recommendation
pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B).  The
magistrate judge recommends that the motion for summary judgment
be granted and the petition dismissed.  After having received an
extension of time, the petitioner timely filed his objections on
September 19, 2014.


        Petitioner first asserts that his counsel was
ineffective for not objecting to the trial testimony of social

worker Lucy Earl pursuant to Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993).  This contention fails inasmuch as petitioner has not demonstrated that the challenged portion of Ms. Earl's testimony involved scientific knowledge.  Watson v. Inco Alloys Int'l, Inc., 209 W. Va. 234, 239, 545 S.E.2d 294, 299 (2001) ("The question of admissibility under Daubert v. Merrell Dow Pharmaceuticals, Inc. . . . and Wilt v. Buracker . . . only arises if it is first established that the testimony deals with 'scientific knowledge.' 'Scientific' implies a grounding in the methods and procedures of science while 'knowledge' connotes more than subjective belief or unsupported speculation.") (quoted authority omitted).

        Petitioner next objects concerning the handling of certain jurors or prospective jurors in the case.  First, petitioner contends that his counsel was ineffective for failing to move for a mistrial or a poll of the jury after one of their number, Ms. Price, was excused by the court.  Ms. Price became emotional at some point during trial and suggested that she could not be fair and impartial based upon an unexplained event that occurred involving her daughter.  Petitioner asserts the display of emotion, or unknown discussions she may have had with fellow jurors about it, could have improperly influenced them and a poll should have occurred.  The assertion rests on pure

2

speculation that does not approach the rigors of <u>Strickland v. Washington</u>, 466 U.S. 668, 689 (1984).  Petitioner is simply unable to demonstrate he was prejudiced by his lawyer's failure to poll the jury or seek a mistrial.

Second, he asserts that the circuit judge who presided at his trial had represented one juror's husband over 16 years earlier while the judge was in private practice.  As the magistrate judge noted, the juror was questioned about the relationship and professed it would not affect her ability to fairly judge the issues at trial.

Third, petitioner notes that during jury selection, as the charges were being read in the initial instructions to the pool, one prospective juror muttered under his breath that petitioner was guilty.  The presiding judge questioned the fellow prospective juror who reported the comment.  She professed that she could nevertheless fairly and impartially judge the case.  A similar inquiry was made of other prospective jurors sitting near the commenting juror.  After the commenting juror was questioned privately by the court, he was excused inasmuch as he stated he could not fairly adjudicate the case.

The petitioner is unable to demonstrate that his lawyer's performance prejudiced him.  In the situation involving

3

the former client of the presiding jurist, the judge's representation of the juror's husband was far too remote to give rise to reversible error under the circumstances.  In the first and third situations involving outside influence, the judge undertook an appropriate inquiry in both matters and excused the two individuals.  Petitioner's speculation aside, there is no basis to find deficient representation over his lawyer's failure to demand polls.  The lawyer may have strategically determined that panel-wide inquiries would cause more harm to his client's interest than good.  The jury-based objections all lack merit.

Petitioner next asserts that his lawyer rendered ineffective assistance of counsel in not calling two alleged alibi witnesses.  Beyond naming these individuals and stating that they could account for his whereabouts on at least one of the occasions that abuse of the victim was alleged, he does not further develop the claim in his objections.  He also briefly asserts that counsel should have called three other witnesses who would have testified that they were once falsely accused of abusing the victim.  The two-sentence assertion is likewise woefully short on details.

Petitioner has consequently not demonstrated that his lawyer's decision-making on the witnesses to be called was outside the "wide latitude" normally accorded counsel in making

4

such determinations.  See United States v. Dyess, 730 F.3d 354, 364-65 (4th Cir. 2013) (citing Wilson v. Greene, 155 F.3d 396, 404 (4th Cir. 1998) (quoting Pruett v. Thompson, 996 F.2d 1560, 1571 n. 9 (4th Cir.1993)) ("Decisions about what types of evidence to introduce 'are ones of trial strategy, and attorneys have great latitude on where they can focus the jury's attention and what . . . evidence they can choose not to introduce.'").

     Petitioner next asserts that his lawyer was ineffective for not raising the issue of his competence to stand trial.  He notes that his lawyer failed to gather records from his incarceration that would have shown he was suicidal and under a psychiatrist's care at one time.  As noted in the PF&R, the judge who presided over the original trial and the habeas proceedings observed that "'the Petitioner always appeared alert, responsive and well aware of his surroundings and the important criminal proceedings.'"  (PF&R at 24 (quoted authority omitted)).

     As further noted by the magistrate judge, the petitioner's inability to make the most minimal of showings regarding the nature of his alleged mental disease or defect dooms his claim substantively, along with diminishing his additional assertion that he was denied the opportunity to develop the record in state court on the matter.  He has,

accordingly, failed to demonstrate that his lawyer rendered ineffective assistance that prejudiced his defense.  (See, e.g., PF&R at 24-25 ("He has not proffered any specific evidence that he would have presented in an evidentiary hearing to support these contentions, which would in any way support a finding that the petitioner was tried while mentally incompetent.")).

Accordingly, following a de novo review, and having concluded that the entirety of the objections lack merit, it is ORDERED that the PF&R be, and it hereby is, adopted and incorporated herein.  It is further ORDERED that this action be, and hereby is, dismissed and stricken from the docket.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record and the petitioner.

DATED:  September 30, 2014

John T. Copenhaver, Jr.
United States District Judge